G. W. FURLOW v. W. C. GILLIAN AND ANOTHER.

An order by A, to a warehouse-keeper, to ship A's cotton to the order of B, and an order by A to the merchant to whom the shipment was to be made, to sell to the best advantage and pay proceeds to B or order,—B being an interior merchant to whom A was indebted,—show a bailment to B and not a sale. There were corroborating circumstances.

Error from Anderson. Tried below before the Hon. John H. Reagan.

The facts are stated in the Opinion.

*Horrell*, for plaintiff in error.

*R. A. Reeves*, for defendants in error.

ROBERTS, J. This is an action brought by defendants in error, against plaintiff in error, on a merchant's account for

$111 99. Plaintiff in error pleads in reconvention a sale of thirty-eight bales of cotton. To this defendants in error reply that the cotton was placed in their hands, not under a sale, but to be shipped for plaintiff in error, and that before it could be shipped it was consumed by fire in the ware-house where it was deposited by plaintiff in error, without any fault of theirs.

The account of defendants in error being admitted, the only question in the case is, Did the defendants in error possess the cotton at the time of its destruction, under a purchase, so as to vest the property in them?

The facts which it is material to notice, are, that Furlow delivered the cotton to the warehouse of Hagood at Magnolia, and gave the following orders :

"PALESTINE, Jan'y 12th, 1855.

"W. A. Hagood, Esq. Sir: Please ship all my cotton in store with you, to the order of W. C. Gillian .& Co., and oblige, G. W. FURLOW."

_____

"PALESTINE, Jan'y 12th, 1855.

"Mr. James Sorley, Galveston. Sir : You will receive by shipment through W. C. Gillian & Co., my crop of cotton, which I wish you to sell to the best advantage and pay proceeds of the same to W. C. Gillian & Co., or their order, and oblige, G. W. FURLOW."

Hagood being examined as a witness, states that he gave Furlow the last receipt for the cotton a few days after the order from Furlow to him was presented, (first order above recited.) It was his understanding that the cotton was under the control of Gillian & Co., to be shipped to Furlow's commission merchant. It was shown on the part of Furlow, that Gillian & Co. stated that they "had got" Furlow's cotton, and also that Furlow had said, not in presence of either of defendants in error, that Gillian & Co. "had bought" his cotton. And it was shown also that Furlow had accepted an order

drawn on him by a man that he owed, in favor of Gillian & Co.

Under these facts the jury found against plaintiff in error, Furlow, on his plea, and in favor of Gillian & Co., on their account, which is assigned as error.

The remark of one of the firm of Gillian & Co., that they had got Furlow's cotton, made to a man who owed them, in order to procure an order on Furlow, to secure and collect their debt, is equally consistent with its being a bailment, in shipping the cotton for Furlow, as a sale to them by him. In either event it might be properly said that they "had got Furlow's cotton."

The statement of the witness, that Furlow said Gillian & Co. had bought his cotton, was objected to by defendants in errror on the trial. The ground of their objection does not appear; but as Gillian & Co., were not present when the remark was made, it is not readily perceived that it was competent evidence in the case, as it allowed Furlow to make proof for himself by his own statements. Being admitted, however, by the Court, the jury had a right to construe and weigh it in connection with the orders he had given to Hagood and Gillian & Co., and the other facts of the case. And in such connection, they might well conclude that he meant that he had disposed of his cotton to Gillian & Co., in a way that he could raise money on it. The raising of money on his cotton was the matter under consideration at the time Furlow made the remark to the witness, and not the mode or terms of the transfer of the cotton.

The orders given by Furlow, and receipts taken in his own name after the order, and the shipment of the cotton to his commission merchant, all very pointedly tend to the conclusion that this transaction was not an absolute sale of the cotton by Furlow to Gillian & Co. We cannot say that the jury did not find the facts correctly, and there being no error of law, against the plaintiff in error, the judgment below must be affirmed.

Judgment affirmed.